UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBIN TEMAHAGARI,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI et al.,<br><br>Respondent. | CASE NO. 25-cv-02484-LK<br><br>ORDER GRANTING UNOPPOSED MOTION FOR BRIEFING SCHEDULE AND PROHIBITING TRANSFER |

This matter comes before the Court on Petitioner Rubin Temahagari's Unopposed Motion for Briefing Schedule for his pending Section 2241 habeas petition. Dkt. No. 3. Mr. Temahagari requests that the Court require Respondents to "file a response to the habeas petition no later than 14 days after the petition was received by the U.S. Attorney's Office" and permit Petitioner to file a reply "no later than five days after the response is filed." *Id.* at 1. Mr. Temahagari further requests that the Court "terminate the referral to the Magistrate Judge in order to expedite a final ruling by the Court." *Id.* Mr. Temahagari notes that the U.S. Attorney's Office does not oppose these requests. *Id.* The Court finds that the expedited briefing request is justified and grants the requested briefing schedule. *See, e.g.*, *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985). The Court also terminates the referral to Magistrate Judge Fricke.

ORDER GRANTING UNOPPOSED MOTION FOR BRIEFING SCHEDULE AND PROHIBITING TRANSFER - 1

Mr. Temahagari further asks the Court to order that, "while the habeas petition is pending, Respondents shall not remove Petitioner from the United States or transfer Petitioner to another facility without providing Petitioner's counsel with at least 48 hours' notice of the removal or transfer," and "[i]f the 48-hour period would expire on a weekend or legal holiday, the period would continue until the same time on the next day that is not a weekend or legal holiday." Dkt. No. 3 at 2. Mr. Temahagari states that "[t]he U.S. Attorney's Office has indicated that it takes no position on this request and defers to the Court." *Id.* The Court grants this request as well based on the lack of opposition and the specific circumstances of this case.[1]

Finally, a notice regarding consent to a Magistrate Judge will be added to the docket related to this Order. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than December 12, 2025. If the parties consent, a Magistrate Judge will preside over the entire case through judgment. If the parties decline consent, the case will remain assigned to the undersigned. *See* Local Rules W.D. Wash. LCR 73; *see also* General Order 5-25.

Dated this 8th day of December 2025.

Ravi Subramanian
Clerk
/s/Natalie Wood
Deputy Clerk

---

[1] In addition, a federal district court "may issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under this authority, a court may order injunctive relief prohibiting the government from transferring a petitioner out of the district while habeas corpus proceedings are ongoing. *See Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025).

ORDER GRANTING UNOPPOSED MOTION FOR BRIEFING SCHEDULE AND PROHIBITING TRANSFER - 2